953 F.2d 1387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
The PEOPLE OF the TERRITORY OF GUAM, Plaintiff-Appellee,
v.
Norman Lee PARKER, Defendant-Appellant.
 No. 91-10025.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 7, 1991.
Decided Jan. 17, 1992.
 
 Before ALARCON, D.W. NELSON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Norman Lee Parker appeals from the judgment entered upon his conviction by a jury of unaggravated murder and criminal sexual conduct in the first degree. He seeks reversal of the unaggravated murder conviction on the ground that it was not charged in the indictment, and is not a lesser included offense to aggravated felony murder, which was charged in the indictment. He also contends that the court erred in failing sua sponte to give an instruction to the jury on second-degree criminal sexual conduct, as an offense necessarily included in the crime of criminal sexual conduct in the first degree. We disagree and affirm.
 
 
 3
 * Parker contends that his conviction for unaggravated murder cannot stand because the Government "failed to give [him] notice in the indictment of its intent to charge unaggravated murder." Appellant's Brief at 5. He argues that unaggravated murder includes a mental element not included in aggravated murder.
 
 
 4
 The Government charged Parker with aggravated felony murder in the indictment. Parker's trial counsel did not object to the sufficiency of the indictment at trial. His appellate counsel conceded during oral argument that the indictment is not defective. Parker's trial counsel requested the court to instruct the jury on unaggravated murder. The jury convicted Parker of this crime. Any error in giving the jury the option of convicting Parker of a crime that carried a lesser punishment and gave him the possibility of parole was invited by his attorney. We do not consider the merits of an error that was invited. United States v. Guthrie, 931 F.2d 564, 567 (9th Cir.1991).
 
 II
 
 5
 Parker did not request an instruction that criminal sexual conduct in the second degree is an offense necessarily included in the crime of criminal sexual criminal conduct in the first degree. He argues that under the law of Guam, the trial court must instruct sua sponte on the crime of criminal sexual conduct in the second degree where there is a rational basis for a verdict acquitting the defendant of the offense charged and convicting him of an included offense. We agree. In People v. Lastimoza, No. 82-0017A (D. Guam App.Div. Aug. 16, 1983), aff'd, 797 F.2d 978 (9th Cir.1986), the court held that it is reversible error for a court to fail to instruct sua sponte under such circumstances. Id. at 3-8.
 
 
 6
 The district court did not err in failing to give an instruction sua sponte on criminal sexual conduct in the second degree in this matter. The Government presented evidence that Parker sexually penetrated the anus and vagina of the victim. Parker's theory of defense at trial was that he had no sexual contact with the victim. Under these circumstances, a rational jury could not have acquitted Parker of criminal sexual assault in the first degree and convicted him of criminal assault in the second degree. If the jury was not persuaded by the Government's evidence that Parker was the person who sexually penetrated the victim, it would have been required to acquit him.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3